[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12124
Non-Argument Calendar
_____

D.C. Docket No. 4:10-cr-00100-BAE-GRS-3


UNITED STATES OF AMERICA,

Plaintiff-Appellee,


versus


ANGEL GOMEZ,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(January 13, 2014)

Before WILSON, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Angel Gomez appeals the denial of his motion for a new trial. Fed. R. Crim. P. 33. Gomez appealed earlier his convictions for importing controlled substances, 21 U.S.C. §§ 960, 952, 851, possessing controlled substances with intent to distribute, id. §§ 851, 841(a)(1), and smuggling goods into the United States, 18 U.S.C. § 545, and we affirmed. United States v. Garcia-Duran, No 11-12320 (11th Cir. Jan. 31, 2012). Gomez now argues that he is entitled to a new trial based on newly-discovered evidence that his codefendant, Rodrigo Wood, testified falsely at trial that he had been unsuccessful in his earlier attempts to enter the United States. Gomez also argues, for the first time, that the district court should have ordered discovery and conducted an evidentiary hearing. We affirm.

The district court did not abuse its discretion when it denied Gomez's motion for a new trial. Gomez based on his motion on newly-discovered evidence that Wood had "recanted" his earlier testimony and admitted to entering the United States on three occasions before making the trip with Gomez. Gomez argues that Wood's statements prove he is a "perjurer and disreputable person" and "a liar as claimed by the . . . defense . . . [at] trial," but those arguments reveal that the evidence was merely impeaching and cumulative to other evidence introduced at trial that Wood had testified falsely about his role in the conspiracy to import

2

controlled substances.  See United States v. Champion, 813 F.2d 1154, 1170–71 (11th Cir. 1987).  The newly-discovered evidence also would not probably have changed the outcome of Gomez's trial.  See id. at 1171.  Testimony from federal agents, a longshoreman, and a taxi driver proved that Gomez and his cohorts transported heroin and cocaine into the United States illegally; Gomez confessed to a federal agent that he had been involved the conspiracy to import; and Gomez admitted at trial to strapping cocaine to his body and then attempting to import the illegal substance to earn $15,000.

The district court also was not required to, and did not plainly err by failing to, sua sponte order discovery or conduct an evidentiary hearing.  The parties and the district court assumed the truth of the newly-discovered evidence, and "the record contained all the evidence needed to dispose of . . . [Gomez's motion] for a new trial."  See United States v. Scrushy, 721 F.3d 1288, 1305 n.30 (11th Cir. 2013).

We **AFFIRM** the denial of Gomez's motion for a new trial.

3